**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

RANDY KOONTZ,

             Defendant.

Crim. Action No. 16-16 (EGS)

**<u>MEMORANDUM OPINION</u>**

**I.   Introduction**

Randy Koontz ("Mr. Koontz" or "Defendant") pled guilty to one count of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b), and one count of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). *See* Plea Agreement, ECF No. 14 at 1.[1] He is currently serving concurrent sentences of 30 years and 40 years imprisonment on those counts, respectively. *See* Minute Entry (Jan. 12, 2018). In 2020, Mr. Koontz filed a *pro se* § 2255 motion to vacate his guilty plea. *See* Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Mot."), ECF No. 57. This Court denied the motion, *see* Mem. Op. ("§ 2255 Op."), ECF No. 77; and Mr.

---

[1] When citing electronic filings throughout this Memorandum Opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

Koontz now seeks a certificate of appealability, *see* Application for Certificate of Appealability ("COA Mot."), ECF No. 73.[2]

Upon consideration of Mr. Koontz's motion, the response, the applicable law, and the entire record, the Court **DENIES** Mr. Koontz's motion for a Certificate of Appealability, ECF No. 73.

## II.   Background[3]

### A. Factual Background

In March 2015, Mr. Koontz began messaging with an undercover officer on an internet chat site. *See* Statement of Offense, ECF No. 13 at 1-2. The two began communicating via Skype, where Mr. Koontz sent the officer two video files of child pornography. *Id.* at 2. The officer told Mr. Koontz that he had a five-year-old daughter and Mr. Koontz arranged to meet them in a hotel room in D.C. so that Mr. Koontz could have sex with the child. *Id.* at 3-4.

On April 2, 2015, Mr. Koontz and the officer met at a coffee shop in D.C. *Id.* at 5. Mr. Koontz gave the officer a

---

[2] Although Mr. Koontz's Certificate of Appealability is designated as docket number 73, the actual document can be found in docket number 72 as the document serves as both Mr. Koontz's application for the certificate and his notice of appeal. To avoid confusion, the Court will reference the motion as docket number 73.

[3] The following background provides a brief summary of the information relevant for resolving Mr. Koontz's present motion. A more detailed factual and procedural history of this case can be found in the Court's previous opinion denying Mr. Koontz's § 2255 motion. *See* § 2255 Op., ECF No. 77 at 2-12.

thumb drive with child pornography and discussed going to a
hotel room to meet the officer's daughter. *Id.* The officer gave
Mr. Koontz a hotel room key, but Mr. Koontz handed the key back
to the officer and stated that he "should walk into the room
with the child first." *Id.* Mr. Koontz was then arrested. *Id.*

During his arrest, the officers seized Mr. Koontz's laptop
and two cell phones. *Id.* at 6. When they later executed a search
warrant at Mr. Koontz's residence, they seized other electronic
devices and found that the devices "in total" contained "several
thousand images and videos of child pornography." *Id.*

### B. Procedural Background

On March 2, 2016, Mr. Koontz waived his right to a jury
trial, *see* Consent to Proceed Before Magistrate Judge for
Inquiry Pursuant to Federal Rule of Criminal Procedure 11, ECF
No. 10; waived his right to prosecution by indictment, *see*
Waiver of Indictment, ECF No. 12; and pleaded guilty to one
count of Travel with Intent to Engage in Illicit Sexual Conduct,
in violation of 18 U.S.C. § 2423(b), and one count of
Distribution of Child Pornography, in violation of 18 U.S.C.
§ 2252(a)(2), *see* Plea Agreement, ECF No. 14 at 1.

Mr. Koontz's plea agreement included several waivers.
First, he agreed to "waive the right to appeal the sentence in
this case, including any term of imprisonment, fine, forfeiture,
award of restitution, term of supervised release, authority of

the Court to set conditions of release, and the manner in which the sentence was determined." *Id.* at 9. The two exceptions to this waiver were if: (1) "the Court sentences [Mr. Koontz] above the statutory maximum or guidelines range determined by the Court" or (2) Mr. Koontz "claims that [he] received ineffective assistance of counsel." *Id.* If Mr. Koontz were to bring such claims under the exceptions, he would not be allowed "to raise on appeal other issues regarding sentencing." *Id.*

Second, Mr. Koontz agreed to waive "any right to challenge the conviction entered or sentence imposed under [the] Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255." *Id.* The two exceptions to the collateral attack waiver were if: (1) "such a motion is based on newly discovered evidence" or (2) the claim was based on "ineffective assistance of counsel." *Id.* Magistrate Judge Harvey specifically reviewed these waivers in the plea hearing and Mr. Koontz agreed that he understood the effects of such waivers. *See* Tr. of Plea Hr'g, ECF No. 50 at 11-13. This Court accepted Mr. Koontz's plea on March 23, 2016. *See* Minute Order (Mar. 23, 2016).

Mr. Koontz was sentenced to 30 years on the first count and 40 years on the second count with sentences to run concurrently. *See* J. in a Criminal Case, ECF No. 47 at 2. He was also

4

sentenced to a life term of supervised release, *id.* at 3; and was ordered to pay $21,000 in restitution and a $200 special assessment, *id.* at 6. He was also ordered to comply with the Sex Offender Registration requirements and participate in a program for sex offender assessment and treatment. *Id.* at 5. Mr. Koontz appealed his sentence, and the appeal was dismissed by the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") because Mr. Koontz "executed a valid waiver of his appellate rights." *United States v. Koontz*, 767 F. App'x 1, 4 (D.C. Cir. 2019).

In June 2020, Mr. Koontz filed a *pro se* § 2255 motion, arguing that his guilty plea should be vacated. *See* § 2255 Mot., ECF No. 57. He advanced five arguments: (1) that he received ineffective assistance of counsel when his attorney failed to inform him that his guilty plea meant "he would have to also be guilty of a 109A described offense," *id.* at 4; (2) that § 2255 does not provide the Court with subject-matter jurisdiction "to reverse a conviction, vacate a plea, or other non-sentence relief," *id.* at 5; (3) that "18 U.S.C. § 2423(b)'s requirement of activity in violation of Chapter 109A" violates his "Fifth and Sixth Amendment" rights because he was never "formally charged" with a Chapter 109A crime, *id.* at 6-7; (4) he received ineffective assistance of counsel when his attorney advised him to plead guilty to an information instead of an indictment, when

there was not "enough evidence to prove a 109A crime," *id.* at 8; and (5) his due process rights were violated when the "Court utilized documents not the result of the instant investigation to enhance [his] sentence," *id.* at 9.

This Court denied Mr. Koontz's § 2255 motion. *See* § 2255 Op., ECF No. 77 at 36. It determined that Mr. Koontz's second, third, and fifth arguments were barred by his plea agreement's waiver of his collateral attack rights, *see id.* at 17; and by procedural default, *see id.* at 22. It also determined that Mr. Koontz's first and fourth arguments were meritless because he did not receive ineffective assistance of counsel, failing both prongs of the *Strickland* test. *Id.* at 25-34.

Mr. Koontz timely appealed and filed this instant motion for a certificate of appealability. *See* COA Mot., ECF No. 73. The D.C. Circuit ordered Mr. Koontz's appeal "held in abeyance" pending this Court's resolution of Mr. Koontz's motion for a certificate of appealability. Order, ECF No. 75. The Government submitted its response to Mr. Koontz's motion in November 2023. *See* United States' Opp'n to Def.'s Mot. for Certificate of Appealability ("Gov't Opp'n"), ECF No. 82. Mr. Koontz's motion is now ripe and ready for adjudication.

### III. Legal Standard for Issuance of a Certificate of Appealability

A certificate of appealability must be issued for an appellate court to hear an appeal from a "final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). The federal district court who rendered the order for which appellate review is sought must either issue the certificate of appealability or deny it, in which case a "party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rules Governing Section 2255 Proceedings for the U.S. Dist. Cts. 11(a); *see also* Fed R. App. P. 22(b)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the petitioner "need not show that he should prevail on the merits. . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *United States v. Mitchell*, 216 F.3d 1126, 1130 (D.C. Cir. 2000) (internal quotation marks omitted).

When a court denies a § 2255 motion on procedural grounds, a certificate of appealability may be granted if the petitioner

clears the additional hurdle of showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also id.* at 484-85 ("Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. . . . The recognition that the Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of . . . allows and encourages the court to first resolve procedural issues." (internal quotation marks and citation omitted)).

## IV.  Analysis

In Mr. Koontz's *pro se* § 2255 motion, he raised five grounds for relief. *See* § 2255 Op., ECF No. 77 at 15-16. However, in his present motion for a certificate of appealability, Mr. Koontz addresses none of those five grounds, and instead seeks vacatur of his "conviction on grounds of ineffective assistance of counsel for failing to protect his mentally incapacitated client." COA Mot., ECF No. 73 at 5. Specifically, Mr. Koontz argues that his counsel was ineffective for "not acknowledging" his "due process rights by making known to the court the plaintiff['s] inability to participate in his

own defense" due to Mr. Koontz's "depressive incapacitation," which "made him incapable of understanding the consequences of his actions in his criminal proceedings." *Id.* at 4. In support of his argument, Mr. Koontz states that his PSR and "several mental evaluations" proved that his mental cognizance was impaired, and he was experiencing "severe mental depression." *Id.* at 2.

The Government argues that Mr. Koontz's COA motion is "in effect, a successive motion under 28 U.S.C. § 2255, even though it is not labeled as such, as he did not raise these claims in his underlying § 2255 motion." Gov't Opp'n, ECF No. 82 at 5. Its proposed course of action is to have this Court transfer Mr. Koontz's motion to the D.C. Circuit since district courts lack jurisdiction over successive § 2255 petitions without a court of appeals order authorizing the district court to consider the application. *See id.* at 7 (citing 28 U.S.C. § 2244(b)(3)(A)). The Government also argues that even "if the Court determines that it may address defendant's new claims, the Court should summarily deny them." *Id.*

Upon review of the record and applicable case law, the Court concludes that Mr. Koontz has waived the five grounds for § 2255 relief which he brought in his original petition by not mentioning them in his present motion for a certificate of appealability. However, out of an abundance of caution, the

Court also determines that even if it were to consider the grounds, it would deny a certificate of appealability for all five under the applicable standards. Furthermore, the Court concludes that based on the argument in Mr. Koontz's present motion, the Government is correct that he is effectively bringing a successive § 2255 motion. However, this Court will not transfer the motion to the D.C. Circuit because the motion fails to meet the necessary criteria under 28 U.S.C. § 2255(h).

**A. Waiver**

28 U.S.C. § 2253(c)(2) states that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Accordingly, the Supreme Court has emphasized that the "issuance of a COA must not be *pro forma* or a matter of course." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). And the onus is on the petitioner to establish his claims for relief. *See id.* at 338 ("*A prisoner* seeking a COA *must prove* something more than the absence of frivolity or the existence of mere good faith on his or her part." (internal quotation marks omitted) (emphasis added)); *Slack*, 529 U.S. at 484 ("Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy § 2253(c) is straightforward: *The petitioner must* demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." (emphasis added)).

Several circuits have used this requirement to conclude that when a petitioner fails to support a certain ground for § 2255 relief in their COA, the petitioner has "waived" that ground. *See, e.g.*, *Jones v. Sec'y, Dep't of Corr.*, 607 F.3d 1346, 1353-54 (11th Cir. 2010) (citing cases from the Second, Fifth, and Tenth Circuits). In *Jones v. Secretary, Department of Corrections*, 607 F.3d 1346 (11th Cir. 2010), the Court of Appeals for the Eleventh Circuit declined to provide a certificate of appealability to a petitioner on grounds where he did "not provide facts, legal arguments, or citations of authority that explain why he is entitled to a certification on those . . . grounds." *Id.* at 1353. In explaining its reasoning, the *Jones* Court stated that generally litigants are "required . . . to identify errors and provide arguments about their entitlement to relief," *id.*; and "[w]e have not treated petitioners seeking writs of habeas corpus any differently from other litigants," meaning that the general "rule applies with equal force to petitioners seeking a certificate of appealability," *id.* at 1354.

Similarly, in *Beatty v. United States*, 293 F.3d 627 (2d Cir. 2002), the Court of Appeals for the Second Circuit held that "[i]f [a petitioner] omits claims from his papers in

support of a COA, those claims should normally be deemed
abandoned." *Id.* at 632 (citing *Hughes v. Johnson*, 191 F.3d 607,
613 (5th Cir. 1999)). It reasoned that since 28 U.S.C.
§ 2253(c)(3) requires a COA to specify which issues satisfy the
COA standard, a "court, considering whether to issue a COA to
permit appeal from the denial of a collateral attack, is
entitled to limit its consideration to the grounds advanced by
the prisoner in seeking a COA" "[j]ust as a district court
adjudicating a section 2255 motion is entitled to limit its
consideration to the grounds specified by the prisoner." *Id.*

Although the Court of Appeals for the District of Columbia
Circuit ("D.C. Circuit") has yet to directly rule on the issue,
several judges in this district have denied a certificate of
appealability when a petitioner has failed to develop their
claim on the grounds presented in the § 2255 motion. *See, e.g.*,
*United States v. Young*, No. 7-153, 2016 WL 1381763, at * 2
(D.D.C. Apr. 6, 2016) (denying COA where defendant's papers were
"devoid of any bases or grounds for challenging the Court's
denial of his § 2255 motion"); *United States v. Jones*, No. 5-
441, 2011 WL 13301402, at *1 (D.D.C. July 5, 2011) (denying COA
where "[e]ven under a liberal *pro se* standard," defendant made
"no attempt to *demonstrate* that the issues are debatable among
jurists of reason" (internal quotation marks omitted)).

Applying the logic from *Jones*, *Beatty*, and several courts
in this district to Mr. Koontz's motion, the Court declines to
issue a certificate of appealability. Mr. Koontz does not
mention—much less advocate for—any of his original five grounds
for § 2255 relief in the present COA motion. Therefore, Mr.
Koontz has failed to "demonstrate that the issues are debatable
among jurists of reason; that a court *could* resolve the issues
[in a different manner]; or that the questions are adequate to
deserve encouragement to proceed further." *Mitchell*, 216 F.3d at
1130 (internal quotation marks omitted).

### B. Original Grounds from § 2255 Motion

Although the Court concludes that Mr. Koontz has waived the
five claims for § 2255 relief from his original motion by not
mentioning them in the current COA motion, in an abundance of
caution the Court will briefly examine why it also concludes
that such grounds would not warrant a COA even if they had not
been waived.

### 1. Procedural Bars: Grounds Two, Three, and Five

This Court previously determined that Grounds Two, Three,
and Five of Mr. Koontz's claims for § 2255 relief were barred on
procedural grounds. *See* § 2255 Op., ECF No. 77 at 17-25.
Specifically, this Court held that the claims were barred by:
(1) the waiver of Mr. Koontz's collateral attack rights from his
plea agreement, *see id.* at 17-22; and (2) procedural default for

13

failing to raise the claims on direct appeal, *see id.* at 22-25.
Although the Court stands by its reasoning on both grounds, for
the sake of brevity and because either procedural bar would
prevent Mr. Koontz from obtaining a COA, the Court will only
examine the plea agreement waiver under the COA standard.

To issue a COA for Grounds Two, Three, and Five of Mr.
Koontz's § 2255 petition, the Court must conclude that "jurists
of reason would find it debatable whether the district court was
correct in its procedural ruling," *Slack*, 529 U.S. 484—in this
case, that Mr. Koontz's plea agreement bars those three grounds.
Mr. Koontz's plea agreement expressly bars collateral attacks
"including, but not limited to, a motion brought under 28 U.S.C.
§ 2255" with the two exceptions of "a motion . . . based on
newly discovered evidence or on a claim that [Mr. Koontz]
received ineffective assistance of counsel." Plea Agreement, ECF
No. 14 at 9.

None of the three grounds fall into the two exceptions.
Ground Two involves the Court's subject matter jurisdiction;
Ground Three involves Mr. Koontz's Fifth and Sixth Amendment
rights based on being convicted of a Chapter 109A offense; and
Ground Five involves the Court's reliance on the PSI report to
enhance Mr. Koontz's sentence. *See* § 2255 Mot., ECF No. 57 at 5-
9. The D.C. Circuit construes plea agreements applying "contract
principles" and dismisses claims where "the agreement

unambiguously covers the accused's claims." *Khadr v. United States*, 67 F.4th 413, 419 (D.C. Cir. 2023). In this case, Grounds Two, Three, and Five from Mr. Koontz's § 2255 motion are unambiguously covered by the terms of the collateral attack waiver because the waiver expressly bars all collateral attacks and none of the three grounds even arguably falls within the two explicit exceptions.

Furthermore, nothing in the record suggests that Mr. Koontz's waiver of his collateral attack rights was not "knowing, intelligent, [or] voluntary." *United States v. Guillen*, 561 F.3d 527, 529 (D.C. Cir. 2009). The record establishes that Mr. Koontz signed the written agreement, affirmed that he read and discussed it with his attorney, and confirmed under oath to Magistrate Judge Harvey that he understood and accepted the collateral attack waiver after Magistrate Judge Harvey specifically explained the meaning of the waiver. § 2255 Op., ECF No. 77 at 20-21; *see also United States v. Sumner*, No. 2-1538, 2005 WL 1216980, at *3 (D.D.C. May 20, 2005) (denying COA on "procedural default" grounds where "all evidence indicated that Petitioner voluntarily permitted his prosecution by information, and Petitioner acknowledged both on the record and with his signature indicating that he was aware that acceptance of his plea included waiver of his applicable . . . right[s]"); *cf. Koontz*, 767 F. App'x at 3-4

(concluding that Mr. Koontz "executed a valid waiver of his
appellate rights" because "both the plea agreement and the
magistrate judge marked the precise metes and bounds of Koontz's
appellate rights" and "Koontz confirmed his understanding by
signing the plea agreement and verbally acknowledging that he
understood the magistrate judge's recital").

Therefore, because the collateral attack waiver expressly
covers Grounds Two, Three, and Five of Mr. Koontz's § 2255
motion and because there is no evidence in the record that Mr.
Koontz's waiver of his collateral attack rights was not
"knowing, intelligent, [or] voluntary," reasonable jurists would
not find it debatable that Mr. Koontz's claims are barred by his
plea agreement.

### 2. Ineffective Assistance of Counsel: Grounds One and Four

The Court also previously determined that Mr. Koontz's
ineffective assistance of counsel claims—Grounds One and Four
from his § 2255 motion—failed both prongs of the *Strickland*
test. *See* § 2255 Op., ECF No. 77 at 25-34. Although the Court
stands by its reasoning on both grounds, for the sake of brevity
and because failure on either prong would prevent Mr. Koontz
from obtaining a COA, the Court will only examine the prejudice
prong under the COA standard.

The Supreme Court has stated that "when a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 582 U.S. 357, 364 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In conducting this inquiry, the Supreme Court urged lower courts to "not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies," but instead to "look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* at 369.

Mr. Koontz's two claims of ineffective assistance of counsel are based on the assertions that his counsel failed to explain that "to be guilty of [a] § 2423 [crime] he would have to also be guilty of a 109A described offense" (Ground One), § 2255 Mot., ECF No. 57 at 4; and that his counsel advised pleading guilty to an information "and not indictment to a crime the Grand Jury could not indict for" (Ground Four), *id.* at 8. As this Court described in its opinion denying § 2255 relief, Mr. Koontz claims that he "would have gone to trial" if he had been properly advised but offers no contemporaneous evidence to substantiate his supposed preference. *See* § 2255 Op., ECF No. 77

17

at 33-34. Mr. Koontz claimed that he "could have defended against the 109A charge and thereby defended the 2423(b) count" but also admits that "[c]ounsel never offered any defense available to a 109A charge," § 2255 Mot., ECF No. 57 at 4; and that "[c]ounsel never presented any options of any defense strategy if he proceeded to trial," *id.* at 8. Furthermore, as described in the § 2255 Opinion, the "overwhelming evidence" against Mr. Koontz, combined with Magistrate Judge Harvey's observation that Mr. Koontz's actions merited a life sentence, significantly undercuts his claim that he would have gone to trial absent his counsel's purported inadequacies. *See* § 2255 Op., ECF No. 77 at 33.

Finally, the record reflects that in Mr. Koontz's plea colloquy, Magistrate Judge Harvey specifically informed Mr. Koontz of the Chapter 109A violation, its elements, and the consequences of pleading guilty to an information instead of an indictment and confirmed that Mr. Koontz understood these issues. *See* Tr. of Plea Hr'g, ECF No. 50 at 8, 20-22, 27. Thus, Mr. Koontz cannot claim prejudice by his attorney's purported failure to inform him on the issues because he was notified about them during his plea colloquy and given the express opportunity to decline to plead guilty based on their relevance. *See Sumner*, 2005 WL 1216980, at *4 (declining to issue a COA for ineffective assistance of counsel when "the Court itself had

repeatedly advised Petitioner of the very right he alleged his attorney failed to discuss with him").

Since Mr. Koontz offered no evidence that he would have gone to trial absent his counsel's purported errors and because the record reflects that the purported errors Mr. Koontz identified were expressly explained to him by the Court during his plea hearing, reasonable jurists would not be able to debate that Mr. Koontz's claims of ineffective assistance of counsel had any merit.

### C. New Grounds from COA Motion

In his present motion for a COA, Mr. Koontz argues ineffective assistance of counsel, but on the new ground that his "depressive incapacitation" made him unable "to participate in his own defense" and therefore his plea was not knowing and voluntary. *See* COA Mot., ECF No. 73 at 4. The D.C. Circuit has acknowledged that "[t]his Court has a well-established rule against allowing parties to initiate new [§ 2255] claims on appeal." *United States v. Naranjo*, 254 F.3d 311, 313 (D.C. Cir. 2001). Following this rule, the D.C. Circuit and district courts in this circuit have concluded that a Petitioner "may not add new claims for the first time in [a] motion for a certificate of appealability." *United States v. Locke*, No. 9-259, 2014 WL 12724270, at *2 (D.D.C. May 7, 2014); *see also Miles v. Paul*, No. 18-5224, 2020 WL 2621219, at *1 (D.C. Cir. May 20, 2020)

("To the extent appellant seeks to assert a new claim of ineffective assistance of . . . counsel, the court will not consider—as part of the request for a certificate of appealability—claims that appellant did not present to the district court and raises for the first time on appeal."); *United States v. Hicks*, No. 18-3020, 2018 WL 5115517, at *1 (D.C. Cir. Sept. 19, 2018). Thus, the Court may not consider the merits of Mr. Koontz's new argument for § 2255 relief because he did not raise this ground in his original § 2255 motion.

The Court agrees with the government that Mr. Koontz's current COA motion is "in effect" a successive motion for § 2255 habeas relief because it seeks vacatur of Mr. Koontz's plea and argues for § 2255 relief on a new ground. *See Dufur v. U.S. Parole Comm'n*, 34 F.4th 1090, 1096 (D.C. Cir. 2022) ("The authority to recharacterize a *pro se* complaint extends to the longstanding practice of construing as a habeas petition a motion that a *pro se* federal prisoner has labeled differently." (internal quotation marks omitted)); *United States v. Clark*, 977 F.3d 1283, 1289 (D.C. Cir. 2020) ("no matter what label a Petitioner gives to an action, any motion filed in the district court that imposed the sentence, and [is] substantively within the scope of § 2255[], *is* a motion under § 2255" (internal quotation marks omitted)).

The Government suggests that the Court "should transfer" the COA motion "to the D.C. Circuit so that court may determine whether to authorize the filing of this successive § 2255 motion." Gov't Opp'n, ECF No. 82 at 7. However, section 2255(h) states that a successive habeas motion may only be certified by a court of appeals if the motion is based on "(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

As the government acknowledges, Mr. Koontz's motion meets neither criteria. His claim for ineffective assistance of counsel because of his "severe mental depression," is not based on new evidence. In fact, in his motion, Mr. Koontz states that the depression was "noted in his PSR," and he was "proven impaired by several mental evaluations" but that was "ignored by his counsel." COA Mot., ECF No. 73 at 2. Furthermore, Mr. Koontz does not identify any law in his motion and thus, it cannot be predicated on any "new rule of constitutional law." Therefore, the Court declines to transfer the motion. *See United States v. Naranjo*, No. 93-418, 2014 WL 5408414, at *2 (D.D.C. Oct. 24,

2014) (declining to "transfer [Petitioner's] motion to the D.C. Circuit for authorization to file a successive § 2255 motion" because Petitioner "fails to meet the standards for certification"); *United States v. Bufford*, No. 14-169, 2019 WL 7758881, at *1 (D.D.C. May 28, 2019) (dismissing successive petition "without prejudice to refile in the D.C. Circuit" but noting that "chances appear slim" such a certification would be granted because Petitioner "had not made either showing" that his motion would meet § 2255(h) standards).

## V.   Conclusion

For the foregoing reasons, Mr. Koontz's motion for a certificate of appealability, ECF No. 73, is **DENIED.** An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

> **Signed:    Emmet G. Sullivan**
> **United States District Judge**
> **June 28, 2024**